# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**SHAMICO PETERS**                                                                                              **PETITIONER**

**v.**                                          **4:04CR00287-01-WRW**

**UNITED STATES OF AMERICA**                                                                **RESPONDENT**

## ORDER

Pending is Petitioner's *pro se* Motion Requesting Relief From Judgment (Doc. No. 48). As explained below, Petitioner's Motion is DENIED.

On September 19, 2005, Petitioner was sentenced to the mandatory minimum term of 120 months imprisonment for possession of 50 grams or more of crack cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). He now argues that he is entitled to a reduction in his sentence under the Fair Sentencing Act of 2010,[1] which increased the quantity of crack cocaine triggering a 10-year mandatory minimum sentence from 50 grams to 280 grams.[2]

Petitioner is incorrect. The United States Court of Appeals for the Eighth Circuit has expressly stated that the Fair Sentencing Act does not apply retroactively.[3] Accordingly, Petitioner's Motion (Doc. No. 48) is DENIED.

IT IS SO ORDERED this 26th day of January, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010).

[2] 21 U.S.C. 841(b)(1)(A).

[3] See *United States v. Brown*, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. October 12, 2010) (citing *U.S. v. Carradine*, 621 F.3d 575 (6th Cir. 2010)). See also *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010) ("[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.").